IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE STEVE SALGADO, §<br>  #76384-097, §<br>                    MOVANT, §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>                    RESPONDENT. § | CIVIL CASE NO. 3:21-CV-689-L-BK<br>(CRIMINAL CASE NO. 3:17-CR-112-L-3) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Freddie Steve Salgado's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

In 2017, Salgado pled guilty pursuant to a plea agreement to one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and, in 2019, he was sentenced to 168 months' imprisonment. *United States v. Salgado*, 3:17-CR-112-L-3 (N.D. Tex. Jan. 9, 2019); Crim. Doc. 101; Crim. Doc. 181 at 2. Salgado's direct appeal was dismissed as frivolous. *United States v. Salgado*, 789 F. App'x 477 (5th Cir. Jan. 9, 2020) Crim. Doc. 199 at 1. On March 23, 2021, Salgado timely filed his § 2255 motion, asserting two ineffective-assistance-of-counsel (IAC) claims related to his sentencing. Doc. 1 at 4-5. On April

27, 2021, Salgado timely[1] filed a motion for leave to amend and supplemented his § 2255 motion with four additional IAC claims. Doc. 8 at 2-4. The Court granted the motion to supplement, Doc. 9, and Salgado later filed a brief addressing one of his supplemental claims, Doc. 10. The Government filed a response opposing § 2255 relief, arguing that Salgado's original IAC claims are meritless and that the IAC claim briefed in Doc. 10 is both meritless and time barred. Doc. 13 at 2-3. Notably, the Government did not respond to the other supplemental claims. Salgado did not file a reply.

Upon review, the Court finds that Salgado is not entitled to relief under § 2255.

**II. ANALYSIS**

*Legal Standards*

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the sentencing context, the movant must

---

[1] Salgado certifies that he placed his motion for leave in the prison mailbox on April 7, 2021 Doc. 8 at 8, one day before the one-year limitations period elapsed on April 8, 2021. *See* 28 U.S.C. § 2255(f)(1).

demonstrate that his sentence was <u>increased</u> by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Failure to Effectively Object to Drug-Premises Enhancement (First Claim)

Salgado asserts counsel rendered ineffective assistance in failing to adequately challenge a two-level drug-premises enhancement. Doc. 1 at 4. He contends counsel failed to cite *United States v. Guzman-Reyes*, 853 F.3d 260 (5th Cir. 2017), and argue that Salgado did not have supervisory control over the drug premises. Doc. 2 at 4-5. His assertions are unavailing.

Counsel objected to the enhancement on the ground that the methamphetamine conversion and storage was an incidental use of the property. Crim. Doc. 160 at 2. However, the Court overruled the objection based on Salgado's testimony at the sentencing of his co-defendant and wife, Karina Chavez-Ontiveros. Crim. Doc. 192 at 6-8. The Court noted that Salgado had admitted that (1) the shed was used for converting methamphetamine, (2) he could smell the drugs, and (3) he knew co-defendant Herrera-Ontiveros (his wife's cousin) spent long hours there and had keys to the shed's padlock. Crim. Doc. 192 at 7.

That notwithstanding, Salgado now insists that he did not "maintain" the premises within the meaning of U.S.S.G. § 2D1.1(b)(12), because he did not contribute to the rent, was not named on the lease, and did not exercise supervisory control over the premises. Doc. 2 at 5-6. Although he had general access to the house, Salgado contends that he "spent only sometimes at the house" and, specifically, that he did not have access to the locked, backyard shed where the drugs were manufactured and stored. Doc. 2 at 5. Salgado's arguments are undercut by the record. At this arrest, Salgado admitted to investigators that he resided at the house and that some of the items there belonged to him. Crim. Doc. 155-1 at 9-10, Presentence Report ("PSR") ¶¶ 32-33. Thus, any argument that Salgado did not have supervisory control over the premises

would have been meritless. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failure to raise a meritless objection is not ineffective assistance). Accordingly, Salgado cannot show deficient performance or prejudice. Therefore, his claim fails.

### B. Failure to Request Minor-Role Adjustment (Second Claim)

Salgado asserts counsel was ineffective in failing to request a minor role adjustment under U.S.S.G. § 3B1.2(b). Doc. 1 at 5; Doc. 2 at 7. However, this claim similarly fails.

At sentencing, the Court sustained counsel's objection to the aggravating role enhancement based on Salgado's supervisory role but noted that it was a "close call." Crim. Doc. 192 at 11; Crim. Doc. 155-1 at 15, PSR ¶ 60. The court found that Salgado did not manage the accounts of the conspiracy and that Chavez-Ontiveros was the leader. Crim. Doc. 192 at 11-12. Moreover, the record confirms that Salgado "worked directly with Chavez-Ontiveros and was identified as her 'right hand man' during the conspiracy, directing . . . and making other decisions in furtherance of drug trafficking." Crim. Doc. 155-1 at 12, PSR ¶ 42. As co-defendant Chavez-Ontiveros was the leader of the criminal activity, it would defy logic to describe Salgado, her right hand man, as a minor participant in the offense. Again, the record plainly refutes Salgado's assertion that he played a minor role. Thus, counsel cannot be deemed ineffective for failing to make a meritless objection. *See Preston*, 209 F.3d at 785.

### C. Failure to Request Safety Valve (Third Claim)

Similarly, counsel was not ineffective in failing to move under the safety valve provision of 18 U.S.C. § 3353(f) for a sentence of probation after the Court sustained counsel's objection to the role adjustment. Doc. 8 at 2. A defendant who meets the safety valve criteria receives a two-level reduction under U.S.S.G. § 2D1.1(b)(18), even if, as in this case, the offense does not carry a mandatory minimum sentence. *See United States v. Matias*, 465 F.3d 169, 171-72 (5th

Cir. 2006). However, Salgado's possession of a firearm precluded his eligibility for the safety valve under U.S.S.G §§ 2D1.1(b)(18) and 5C1.2(a). *See United States v. Flucas*, 99 F.3d 177, 179 (5th Cir. 1996) (holding firearm possession disqualifies defendant from being eligible for the safety valve provision of U.S.S.G. § 5C1.2).

At sentencing, the Court overruled counsel's objection to the firearm enhancement on the grounds that the firearm was "temporally and spatially related to the drug trafficking activity because it was found in the safe in a bedroom shared with Mr. Salgado next to money receipt transfers and drug proceeds and $35,000 in cash on the property where methamphetamine was manufactured and stored." Crim. Doc. 192 at 14; *see also* Crim. Doc. 155-1 at 14, PSR ¶ 56 (two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm); Crim. Doc. 177 at 1-2 (Second Addendum to PSR). Notably, Salgado does not challenge the Court's firearm enhancement. He consequently fails to show counsel's deficient performance or prejudice because counsel cannot be deemed ineffective for failing to raise a meritless argument.

### D.  Failure to Object to Criminal History Enhancement (Fourth Claim)

Likewise, counsel was not ineffective in failing to object to the addition of two criminal history points under U.S.S.G § 4A1.1(d) due to a purportedly dismissed and uncounseled state offense. Doc. 8 at 2; *see* Crim. Doc. 155-1 at 16-17, PSR ¶¶ 69, 73. Salgado claims this failure prejudiced his ability to qualify for the safety valve. Doc. 8 at 3. However, his assertions lack merit. As previously discussed, Salgado did not qualify for the safety valve. Moreover, the record directly refutes his assertions that the state offense was dismissed and uncounseled. *See* PSR ¶ 69. In fact, the record confirms that Salgado was on probation for the prior state offense

when he committed the instant drug offense.² PSR ¶ 73.

### E. Pre-Plea Failure to Move to Suppress (Fifth Claim)

Next, Salgado asserts counsel was ineffective in failing to file a pretrial motion to suppress the firearm seized from his safe at his residence. Doc. 8 at 3. He contends that a successful motion to suppress would have precluded the firearm enhancement. Doc. 8 at 4. However, this claim does not fall within an exception to Salgado's voluntary waiver of his right to appeal and to seek other post-conviction relief in his Plea Agreement, Crim. Doc. 101 at 5, and, consequently, must fail.

Under his appeal waiver, Salgado reserved only the rights to (a) appeal a sentence exceeding the statutory maximum, (b) challenge an arithmetic error at sentencing, (c) dispute the voluntariness of any guilty plea or the waiver, or (d) contest the ineffective assistance of counsel. Crim. Doc. 101 at 5. Salgado does not challenge the voluntariness of his guilty plea or plea agreement. Indeed the record indicates he knowingly and voluntarily entered into the Plea Agreement, which included the appeal waiver. Crim. Doc. 101 at 5; Crim. Doc. 191 at 13-14, 17. Thus, Salgado's IAC claim based on events that allegedly occurred before he entered his voluntary guilty plea is waived.

A guilty plea generally waives constitutional deprivations occurring prior to the plea. A knowing and voluntary guilty plea also waives all non-jurisdictional defects that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights

---

² The instant offense was committed between September 27, 2016 and January 24, 2017. Doc. 24 at 4. According to the PSR, Movant was on probation during that time period. *See* Crim. Doc. 155-1 at 16, PSR ¶¶ 69.

that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea … ."); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) ("[B]y entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below."). Such a waiver includes all claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (same).

As noted *supra*, the record confirms that Salgado's guilty plea was knowing and voluntary and that his IAC claim—related to counsel's failure in moving to suppress a firearm—is not fundamentally related to the entry of his voluntary plea. Thus, Salgado's voluntary guilty plea waived his pre-guilty plea IAC claim. Moreover, Salgado cannot demonstrate prejudice. Had counsel successfully moved to suppress, the Court could nevertheless have used the firearm as a factor in sentencing. *See United States v. Robins*, 978 F.2d 881, 891 (5th Cir. 1992) ("The exclusionary rule applicable to Fourth Amendment violations is generally inapplicable to the district court's consideration of evidence for purposes of sentencing.")

**F.  Ineffective Assistance of Appellate Assistance (Sixth Claim)**

In his last ground, Salgado asserts his appellate counsel was ineffective in (1) failing to argue under 18 U.S.C. § 3742(a)(2) that Salgado's sentence was the result of an incorrect application of the sentencing guidelines and (2) erroneously stating in his A*nders* brief that Salgado had received a safety valve sentence. Doc. 8 at 4. Here too, Salgado's argument fails.

As to the statement in the *Anders* brief that Salgado had received the safety valve reduction, it appears to be an unprejudicial, clerical error on the part of appellate counsel. As previously discussed, Salgado did not qualify for the safety valve. That notwithstanding,

Salgado cannot show that appellate counsel rendered ineffective assistance in failing to file a merits brief because he has identified no nonfrivolous issue that could have been raised on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (finding that when the petitioner asserts appellate counsel erroneously failed to file merits brief, he must show under the *Strickland* test that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue); *Newsome v. United States,* No. 3:13–CV–4954, 2015 WL 695595, *8 (N.D.Tex. Feb.17, 2015) (finding that appellate counsel was not ineffective for filing an *Anders* brief when the movant failed to identify any non-frivolous claims).

Moreover, Salgado was given the opportunity by the appellate court to file a response to counsel's *Anders* brief and he failed to do so. Crim. Doc. 198 at 1. That he had no non-frivolous issue to raise on appeal is apparent in the Court of Appeals for the Fifth Circuit's dismissal of his appeal as frivolous.

### III. EVIDENTIARY HEARING

In his § 2255 motion, Salgado requests an evidentiary hearing. Doc. 1 at 12. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Salgado claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively

negated movant's *post hoc* assertions).

### IV. CONCLUSION

For the foregoing reasons, Salgado's § 2255 motion should be **DENIED** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).